# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TACKITT, | Case No. 1:13-cv-01292-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF MADERA, et al., | ECF NO. 8 |
| Defendants. | |

On September 27, 2013, Defendants Superior Court of the State of California in and for the County of Madera, John Johnson and Mark Levin ("Defendants") filed a motion to dismiss portions of the complaint or to stay this action. (ECF No. 8.) The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).

The hearing on the motion took place on November 6, 2013. For the reasons set forth below, the Court recommends that Defendants' motion to dismiss or stay be denied.

## I.

## BACKGROUND

Plaintiff Heather Tackitt ("Plaintiff") filed the original complaint in this action on August 14, 2013. (ECF No. 1.) Plaintiff raised claims against Defendants under Title VII for discrimination, retaliation, and sexual harassment arising from Plaintiff's employment as a

1

Mediator/Investigator in the Superior Court of the State of California in and for the County of Madera's (hereinafter referred to as "Madera Superior Court") Family Court Services division.

Defendants filed the present motion to dismiss or stay on September 27, 2013. (ECF No. 8.) Defendants argued that 1) Plaintiff's claims against John Johnson and Mark Levin were not cognizable and 2) this action should be dismissed or stayed under the Colorado River doctrine because Plaintiff filed a similar lawsuit that is currently pending in state court. The state court action is entitled Heather Tackitt v. Superior Court of California, in and for the County of Madera, et al. filed in the Superior Court of California for the County of Madera on August 15, 2013, bearing case number CV 064506 (hereinafter referred to as the "State Court Action").[1]

On October 18, 2013, after Defendant's motion to dismiss or stay was filed, Plaintiff filed an amended complaint. (ECF No. 14.) Plaintiff's First Amended Complaint did not allege any claims against John Johnson or Mark Levin, rendering Defendant's arguments with respect to those claims moot. Plaintiff filed an opposition on October 23, 2013 arguing that the Colorado River doctrine does not apply. Defendant filed a reply on October 30, 2013, conceding that the motion to dismiss was moot with respect to the claims against John Johnson and Mark Levin, but arguing that Colorado River still applies.

## II.

## LEGAL STANDARDS

The Colorado River doctrine applies "in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (1976). The doctrine "rest[s] on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)).

Generally, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" Id. (quoting

---

[1] The Court takes judicial notice of the State Court Action and the complaint filed in the State Court Action pursuant to Federal Rules of Evidence 201.

2

McClellan v. Carland, 217 U.S. 268, 282 (1910)).  Moreover, federal courts possess "the virtually unflagging obligation ... to exercise the jurisdiction given them." Id. (citations omitted). Thus, the circumstances permitting dismissal of a federal suit due to a concurrent state suit are limited and exceptional. Id. at 818.

As a threshold matter, the Colorado River doctrine only applies when "the parallel state-court action will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 28 (1983); see also Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993). "If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." Moses H. Cone Memorial Hosp., 460 U.S. at 28.  "Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." Id.

The Supreme Court enumerated several additional factors relevant in determining whether a federal action may be dismissed due to the existence of a parallel state court action. First, a state court assuming jurisdiction over a particular property may exercise that jurisdiction to the exclusion of other courts. Colorado River Water Conservation Dist., 424 U.S. at 818. Further, "a federal court may also consider such factors as the inconvenience of the federal forum ... the desirability of avoiding piecemeal litigation ... and the order in which jurisdiction was obtained by the concurrent forums." Id.  Another factor is whether state law or federal law provides the rule of decision on the merits: "the presence of federal-law issues must always be a major consideration weighing against surrender [of a federal court's jurisdiction]." Moses H. Cone Memorial Hosp., 460 U.S. at 23-26.  "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River Water Conservation Dist., 424 U.S. at 818-19.  "Only the clearest of justifications will warrant dismissal." Id. at 819.

///

///

## III.

## DISCUSSION

### A. Similarity of Suits and Adequacy of Relief Available in the State Court Action

Addressing the threshold matter, the Court looks to whether the State Court Action is substantially similar to this action and whether the State Court Action will be an adequate vehicle for complete and prompt resolution of the issues between the parties. Exact parallelism between the State Court Action and this action is not required for Colorado River to apply: "It is enough if the two proceedings are 'substantially similar.'" Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).

The first amended complaint in this action raises three claims against Madera Superior Court: (1) gender discrimination (42 U.S.C. § 2000e-2(a)), (2) retaliation for reporting gender discrimination and a hostile work environment (42 U.S.C. § 2000e-3(a)), and (3) sexual harassment via a hostile work environment (42 U.S.C. § 2000e-2(a)). Plaintiff seeks injunctive relief, monetary damages, attorney's fees and costs of suit in this action.

In the State Court Action, Plaintiff ten claims, including: (1) gender discrimination (Cal. Gov't Code § 12940(a)), (2) retaliation for reporting gender discrimination and a hostile work environment (Cal. Gov't Code § 12940(h)), (3) sexual harassment via a hostile work environment (Cal. Gov't Code § 12940(j)), (4) failure to prevent gender discrimination (Cal. Gov't Code § 12940(k)), (5) failure to prevent sexual harassment (Cal. Gov't Code § 12940(k)), (6) failure to prevent retaliation (Cal. Gov't Code § 12940(k)), (7) disability discrimination (Cal. Gov't Code § 12940(m), 42 U.S.C. § 12112(a) and 42 U.S.C. § 12112(b)(5)(A)), (8) failure to engage in good-faith interactive process (Cal. Gov't Code § 12940(n)), (9) retaliation for seeking reasonable accommodations (Cal. Gov't Code § 12940(h)) and (10) violation of medical leave rights (Cal. Gov't Code § 12945.2(l), (t), 19702.3(a) and 29 U.S.C. § 2615(a)). Plaintiff seeks injunctive relief, monetary damages, punitive damages, attorney's fees and costs of suit in the State Court Action.

///

1       The three claims raised in this action have analogous state law-based claims raised in the State Court Action. Furthermore, the factual allegations in both complaints are nearly identical. Most, if not all, of the factual allegations in the complaint filed in this action appear in the complaint filed in the State Court Action. The State Court Action complaint appears to include additional allegations relating to Plaintiff's worker's compensation claims and allegations pertaining to the individuals named as defendants in the State Court Action but not named as defendants in this action.

      The relief sought in this action appears to be a subset of the broader array of relief sought in the State Court Action. Plaintiff sought punitive damages in the State Court Action, which were not sought in this action. Further, it is worth noting that greater monetary relief is available to Plaintiff in the State Court action because monetary damages in Title VII actions are subject to statutory limitations. 42 U.S.C. § 1981a(b)(3); see also Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1195 (9th Cir. 2002).

      Further, the claims in both actions are similar in that judgment in one court would likely trigger res judicata preclusion over the claims raised in the other court. This Court would look to California law to determine the preclusive effect given to a judgment in a California state court action. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Similarly, a California court would look to California law when determining the preclusive effect given to a judgment rendered in this Court. Gamble v. General Foods Corp., 229 Cal. App. 3d 893, 898 (1991). California law follows the "Primary Rights Doctrine" where a valid, final judgment on the merits precludes parties or their privities from relitigating the same cause of action in a subsequent suit. San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System, 568 F.3d 725, 734 (9th Cir. 2009) (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal. App. 4th 1161 (2003)). "[T]hree requirements have to be met: (1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." Id. Under California law, a "cause of action" is determined by analyzing the "primary right" at stake: the same primary right

5

is at stake if the two actions involve the same injury to the plaintiff and the same wrong by the defendant. Id. (citations omitted).  Plaintiff's FEHA claims against Madera Superior Court in the State Court Action appear to involve the same "primary rights" and "causes of action" as the Title VII claims in this action.  See Johnson v. American Airlines, Inc., 157 Cal. App.3d 427, 433 (1984) (res judicata barred member of settled federal Title VII class action from bringing subsequent FEHA claims in state court).  Therefore, the two actions are substantially similar, when considering the claim preclusive effect of one action over the other.

Given the nearly identical factual allegations, legal claims and relief sought, as well as the preclusive effect that a judgment in one court would have over the claims raised in the other court, the Court finds that this action and the State Court action are substantially similar.  The only difference between the actions is the statute giving rise to Plaintiff's claims.  Caselaw holds that Title VII and FEHA are nearly identical, with California courts looking to Title VII precedent for interpretive guidance in FEHA claims.  See Lyle v. Warner Bros. Television Productions, 38 Cal. 4th 264, 278 (2006) ("In light of these similarities, California courts frequently seek guidance from Title VII decisions when interpreting the FEHA and its prohibitions against sexual harassment.").

However, it is worth noting that there exist concrete differences between Title VII and FEHA standards.  For example, Title VII retaliation claims are broader than FEHA retaliation claims because FEHA requires an adverse action for purposes of a retaliation claim to materially affect the terms, conditions or privileges of employment whereas Title VII more broadly defines an adverse action as any action that is reasonably likely to deter employees from making or supporting a charge of discrimination.  See Cozzi v. County of Marin, 787 F. Supp. 2d 1047, 1066-67 (N.D. Cal. 2011) (discussing differences between retaliation claims brought under Title VII and FEHA).  Plaintiff alleged that the adverse action she ultimately experienced was termination from her job, so the distinction between Title VII and FEHA retaliation claims may be immaterial in this case.  However, it is at least theoretically possible that Plaintiff's retaliation claims are cognizable under Title VII but not under FEHA.  It may also be possible that some other distinction between Title VII and FEHA would apply in this action, though Plaintiff has not

identified any specific difference in treatment that would result in her claims being treated differently in this Court than in the State Court Action.

Based upon the foregoing, the Court finds that the substantial similarity between this action and the State Court Action weighs slightly in favor of dismissal or a stay under the Colorado River doctrine.  However, the potential differences in legal standards between Title VII and FEHA claims and the possibility that Plaintiff's claims would succeed under Title VII but not under FEHA cautions against a stay under Colorado River.

**B.    Jurisdiction of Res and Inconvenience of the Federal Forum**

These two factors do not apply in this case.  Neither Court has exercised jurisdiction over a particular property or res nor has either party has given any indication that the federal forum would present any substantial inconvenience.

**C.    Desirability of Avoiding Piecemeal Litigation**

Simultaneously litigating this case and the parallel State Court Action would be inefficient.  This scenario not only raises concerns regarding piecemeal litigation, it raises concerns about potential forum shopping.  See Nakash, 882 F.2d at 1417 (attempts to forum shop or avoid adverse rulings by the state court weighs strongly in favor of abstention under Colorado River).

If both this action and the State Court Action were allowed to proceed, it would likely amount to a race to judgment in both actions.  As discussed above, whichever proceeding reached judgment first would result in the other action being barred, to some degree[2], by claim preclusion/res judicata.  This factor weighs in favor of a stay or dismissal, considering one court's resources will be "wasted" in the sense that the action that reaches judgment on the merits first will foreclose further prosecution of the other action.

/ / /

/ / /

/ / /

---

[2] It is possible that a judgment in Plaintiff's favor in this action would not have claim preclusive effect over the individuals named as defendants in the State Court Action but not named as defendants in this action. However, any other scenario would result in the later-decided action being dismissed under claim preclusion.

It is also worth noting that Plaintiff could have asserted her Title VII claims in the State Court Action.³ Federal courts do not have exclusive jurisdiction over Title VII claims. Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 826 (1990). Therefore, state courts may adjudicate Title VII claims. Id.

There is some possibility of improper forum shopping and tactical maneuvering. The Court is cognizant of the fact that prosecuting two parallel actions may give Plaintiff additional opportunities to conduct discovery, though the possibility of "doubling up" on discovery opportunities prosecuting two actions is tempered by Defendant's ability to request a protective order, or some other form of protection from unduly burdensome or harassing discovery tactics. There is also a possibility that Plaintiff benefits from the parallel actions by seeking "two bites at the apple" on non-dispositive pretrial motions, such as motions to compel.

However, at the hearing, Plaintiff presented an explanation as to why separate actions were brought in this Court and in state court. Plaintiff contends that she wished to litigate all her claims in federal court. Plaintiff understandably wished to litigate in federal court rather than litigate in the state court that is named as the defendant in this action.

Plaintiff contends that she could not litigate all her claims in federal court because the Eleventh Amendment would potentially present a bar to some of Plaintiff's claims.⁴ Foreseeing that Defendant would likely assert the Eleventh Amendment defense and force Plaintiff to bring some of her claims in state court, Plaintiff initiated the State Court Action believing that it would have been inevitable that the claims subject to the Eleventh Amendment immunity defense would end up in state court eventually.

Moreover, Plaintiff argues that the duplicative actions can be avoided if Defendant agrees to waive the Eleventh Amendment immunity defense for the claims asserted in state court, thus

---

³ While litigants sometimes make the strategic decision to exclude federal claims from state court proceedings to avoid the possibility of removal to federal court, this does not appear to be the motivating factor behind Plaintiff's decision to litigate her Title VII claims separately because the State Court Action includes federal claims making the State Court Action removable even without the Title VII claims.

⁴ For example, the Eleventh Amendment applies to any state law FEHA claims brought in federal court because the Eleventh Amendment immunizes Defendant and other California state entities from suit in federal court under FEHA. Freeman v. Oakland Unified School Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("...the Eleventh Amendment bars [a plaintiff's] claim in federal court...")

allowing all the claims to be asserted in this action.  On the other hand, Defendant contends that, if a stay under Colorado River is granted, Plaintiff will likely amend the complaint in the State Court Action to assert the Title VII claims raised in this action.[5]

The Court finds that Plaintiff's explanation is reasonable.  Moreover, Plaintiff's explanation tends to show that the parallel actions were initiated because Plaintiff prefers a federal forum for her claims.  Further, Plaintiff attempted to negotiate with Defendant and obtain a waiver of the Eleventh Amendment issue in order to consolidate her claims and assert them all in federal court.[6]  Accordingly, the parallel actions appear to be a product of Plaintiff's preferred choice of a federal forum and not because of improper procedural maneuvering or gamesmanship.  The Court finds that the piecemeal litigation factor only slightly weighs in favor of dismissal or a stay under Colorado River in light of Plaintiff's explanation.[7]

**D.   The Order in which Jurisdiction Was Obtained by the Concurrent Forums**

In this case, the State Court Action was filed on August 15, 2013 while this action was filed on August 14, 2013.  Plaintiff further argues that this factor does not support dismissal or a stay because neither court has made substantial progress in either action.  The Court finds that the order in which jurisdiction was obtained does not favor dismissal or a stay.

//

---

[5] Most of the jurisprudence regarding the piecemeal litigation factor of Colorado River abstention involved cases where the litigation in state court had progressed farther along by the time the federal action was filed.  At the hearing, Defendant suggested that a recent case from the Northern District of California involved facts similar to the facts in this action and the court had ordered a stay.  However, the case identified by Defendant was based upon Pullman abstention, not Colorado River.  These two forms of abstention are distinct.  Hence, the authority is unpersuasive.  As noted by the Plaintiff, the case most factually similar to the facts here is Traveler Indemnity Company v. Madonna, 914 F.2d 1364, 1366-67 (9th Cir. 1990) where the federal and state cases were filed within days of each other.  There, the district court stayed the action shorting after its filing based upon the "interest in avoiding piecemeal litigation."  Id. at 1366-67.  However, the Ninth Circuit reversed and found that the district court abused its discretion in refusing to exercise jurisdiction.  Id. At 1372.  The court reiterated Colorado River abstention must be exercised only in "exceptional circumstances," and the relevant factors must be applied "with the balance heavily weighted in favor of the exercise of jurisdiction."  Id.

[6] Defendant has the right to assert the Eleventh Amendment as a defense to Plaintiff's claims in federal court and Defendant's refusal to waive that right has no impact on the Court's findings.

[7] At the hearing, Plaintiff suggested that concerns regarding piecemeal or duplicative litigation could be avoided by an agreement between the parties to refrain from propounding duplicative discovery requests.  However, the possibility of agreements or stipulations between the parties is not a factor in the Court's findings.  In the event that these Findings and Recommendations are adopted, the possibility of such an agreement can be discussed at the scheduling conference.

9

### E. Whether State or Federal Law Provides the Rule of Decision on the Merits

In this case, Plaintiff raises Title VII claims and therefore federal law provides the rule of decision on the merits. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of a federal court's jurisdiction]." Moses H. Cone Memorial Hosp., 460 U.S. at 23-26. However, "[i]f the state and federal courts have concurrent jurisdiction over a claim, this factor becomes less significant." Nakash, 882 F.2d at 1416. Accordingly, the presence of federal law issues weighs against dismissal or a stay, but this factor is not as significant given the state and federal court's concurrent jurisdiction over Title VII claims. See Yellow Freight System, Inc., 494 U.S. at 826.

### F. Dismissal or a Stay Under Colorado River is Not Appropriate

As discussed above, only two factors weigh in favor of a stay under Colorado River: the similarity of the cases and the desirability of avoiding piecemeal litigation. The piecemeal litigation factor does not weigh as heavily in favor of a stay or dismissal in light of Plaintiff's explanation regarding the parallel actions. Since a dismissal or stay under Colorado River is limited to "exceptional" circumstances presenting "the clearest of justifications," Colorado River Water Conservation Dist., 424 U.S. at 817, 819, the Court will deny Defendant's motion to dismiss or stay this action. The Court is particularly persuaded by the possibility that Plaintiff's Title VII action in federal court encompasses broader claims that would not be cognizable under FEHA. Accordingly, the Court will not stay or dismiss this action. Additionally, the Court notes that Defendant's assertion of the Eleventh Amendment defense allowed it to choose its forum. In exercising its discretion, this Court also respects the Plaintiff's choice of forum, but recognizing that the forum selection here is not absolute in light of Colorado River abstention. However, balancing the relevant factors of Colorado River abstention "with the balance heavily weighted in favor of the exercise of jurisdiction,"[8] coupled with the fact that this abstention must be exercised within the "exceptional circumstances" limits, results in the denial of a stay or dismissal of this case.

---

[8] Travelers, 914 F.2d at 1372, citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct., 927, 937 (1983)

# IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that a dismissal or stay under Colorado River is not warranted. Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss or stay be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 8, 2013**

UNITED STATES MAGISTRATE JUDGE